TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

## 2005-SC-736-KB

DATE 1-4-06 Ena Grauth, D.C.

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                          IN SUPREME COURT

STUART L. LYON
KBA MEMBER NO. 42900                                    RESPONDENT

## OPINION AND ORDER

Respondent, Stuart L. Lyon, was admitted to the practice of law in the Commonwealth of Kentucky on July 8, 1960. His bar roster address is Legal Arts Building, 200 South 7th Street, Suite 305, Louisville, Kentucky 40202.

On April 1, 2003, Respondent entered a guilty plea pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to one count of perjury in the first degree, a class D felony. Upon entry of his plea, Respondent was automatically suspended pursuant to SCR 3.166. Also, as a result of his plea, the Inquiry Commission, on April 23, 2003, issued a two-count charge. Count I alleged Respondent violated SCR 3.130-8.3(b), which provides: "It is professional misconduct for a lawyer to: commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects." Count II alleged Respondent violated SCR 3.130-8.3(c), which provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

Respondent argued for an evidentiary hearing to prove he was not actually guilty of the crime, but the Trial Commissioner ruled that conviction of a felony forecloses inquiry into the Respondent's guilt or innocence and that the conviction itself was the ethical violation for which he was being charged.

Respondent was granted, however, the right to an evidentiary hearing on whether aggravating or mitigating factors were present so as to affect Respondent's discipline. The hearing was held in March of 2005. At the hearing, Respondent explained the perjury charge arose from his testifying in Jefferson District Court, Probate Division, that the purported Last Will and Testament of Leathean Frazier was, in fact, her will, and that he had witnessed its execution. The will had been prepared by Nick VanMeter, then a licensed practitioner who shared offices with Respondent. In reality, VanMeter had forged the entire will, including the signatures of the testatrix and Respondent in order to allow a previously disinherited nephew an inheritance to which he was not entitled. VanMeter requested Respondent go to a probate hearing to prove the will. When VanMeter presented the will to him in court, Respondent claims his signature appeared authentic, so he testified in accordance with that belief.

Respondent had been a sole practitioner for over forty years, handling lower court misdemeanor criminal work and a few bankruptcies and personal injury cases. He had an office-sharing relationship with Nick VanMeter for twelve years.

Respondent presented several mitigating factors, including, without limitations: (1) absence of any prior disciplinary record; (2) absence of a profit motive; (3) cooperative attitude with the Kentucky Bar Association; (4) remorse and no likelihood of any future offenses. Respondent called several witnesses, including a retired district judge, all of whom testified to his good character and honesty.

After hearing all the evidence, the Trial Commissioner recommended Respondent be suspended from the practice of law for five (5) years without any credit for time served. Respondent appealed to the Board of Governors on the sole issue of whether Respondent should be given credit for the time that he had been and continues to be automatically suspended.

After a report by a Board member and deliberation, The Board made the following decisions and recommendations: All 18 members voted Respondent was guilty of violating SCR 3.130-8.3(b) and SCR 3.130-8.3(c); 10 members voted for a four year, nine month suspension beginning as of the date of the guilty plea in April of 2003; 6 members voted for a five year suspension, beginning as of the date of the guilty plea in April of 2003; one member voted for a five year suspension to begin from the date of this Court's Order; one member voted for permanent disbarment.

We adopt the finding of the Board of Governors regarding Respondent's guilt. We also find the appropriate discipline shall be a four year nine month suspension[1] from the practice of law, beginning as of the date of the temporary suspension on April 2, 2003.

Thus, it is ORDERED that:

1) Stuart L. Lyon is hereby suspended from the practice of law in the Commonwealth of Kentucky for four years and nine months, commencing from the date of his original suspension on April 2, 2003 pursuant to SCR 3.166.

2) That at the end of this suspension Lyon shall be required to reapply for admission to the Kentucky Bar, and that such application be reviewed under the provisions of SCR 3.505, SCR 2.040, and SCR 3.510.

---

[1] SCR 3.510(4)

3

3) Pursuant to SCR 3.390, Lyon shall provide notice to any clients, if applicable, he currently represents of his inability to provide further legal services, to notify all courts in which he has matters pending of his suspension and to provide the Director of the Kentucky Bar Association with a copy of all such letters simultaneously with their mailing.

4) In accordance with SCR 3.450, Lyon is directed to pay all costs associated with the disciplinary proceedings against him, said sum being $1,361.47, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: December 22, 2005.

_____
CHIEF JUSTICE

COUNSEL FOR MOVANT:
Bruce K. Davis, Executive Director

Dana Cox Nickles
Deputy Bar Counsel
Kentucky Bar Association
514 West Main Street
Frankfort, KY 40601


COUNSEL FOR RESPONDENT:

Michael L. Maple
123 S. Seventh Street
Louisville, KY 40202-2703