Leonard K. NAVE, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2011–SC–000204–KB.

Supreme Court of Kentucky.

May 19, 2011.

## *OPINION AND ORDER*

Leonard K. Nave petitions this Court to impose the sanction of a five-year suspen-

sion for his violation of SCR 3.130–8.3(c).[1] The KBA has no objection to this proposed discipline. Finding a five-year suspension appropriate, we grant Nave's motion. Nave, whose KBA number is 50960 and whose last known bar roster address is 160 Morgan Street, Versailles, Kentucky, 40383, was admitted to the practice of law in the Commonwealth of Kentucky on September 20, 1959.

In January 2007, Nave and his son were tried on charges of mail fraud in the United States District Court for the Eastern District of Kentucky. After the jury was unable to reach a verdict and the court declared a mistrial, Nave accepted a plea deal in which he agreed to plead guilty to perjury, for a statement made in the first trial, in exchange for the government dropping all other indictments against Nave, his son and his daughter-in-law. Pursuant to the terms of the Plea Agreement, Nave made restitution to several victims, totaling $100,000.00, and served ten months imprisonment, five months of which were served under home incarceration.

The KBA filed a single-count charge against Nave in KBA File 15879, alleging Nave violated SCR 3.130–8.3(c), which stated it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."[2] Nave and the KBA negotiated the proffered sanction, which both parties find appropriate based on Nave's

---

**19.** *Copar, Inc. v. Rogers,* 127 S.W.3d 554, 561 (Ky.2003).

**1.** This reference is to the rule as it was written prior to the July 15, 2009 amendments.

**2.** We note that the KBA acknowledged that SCR 3.166 was not applicable to this case:

Movant was convicted in federal court. At the time of his conviction, SCR 3.166 stated that any attorney convicted of a felony would be automatically suspended from the practice of law. It went on, however, to define "felony" as "an offense for which a sentence to a term of imprisonment of at least one (1) year was imposed." Because

prior lack of disciplinary history; his acknowledgement that his guilty plea and conviction are proof that he engaged in conduct violating SCR 3.130–8.3(c); his cooperation in the disciplinary process; and the fact that he no longer practices law and is therefore unlikely to commit any future offense. Nave has not requested and the KBA does not recommend Nave receive credit for any time served on temporary suspension.

We find the negotiated sanction is appropriate, given the mitigating factors, and is in keeping with this Court's precedent, *see KBA v. Lyon*, 181 S.W.3d 554 (Ky. 2005) (suspending Lyon for four years and nine months after he pled guilty to one count of perjury).

Therefore it is hereby ORDERED:

1. Leonard K. Nave is suspended from the practice of law in this Commonwealth for five years, to run from the date of this Opinion and Order.

2. Within twenty days of the date of entry of this order, Nave shall notify in writing all Courts in which he has matters pending and all clients of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel, and shall furnish copies of such letters to the Director of the Kentucky Bar Association.

3. Nave shall immediately, to the extent possible, cancel and cease any advertising activities in which he is engaged.

4. At the end of this suspension, if Nave should seek to return to the practice of law, he shall be required to apply for readmission to the Kentucky Bar and may not resume practice until reinstated by Order of the Court.

---

Movant was sentenced to a term of imprisonment of ten (10) months, with five (5) months to be served under home incarceration, SCR 3.166 did not apply.

5. Nave is directed to pay all costs associated with this proceeding in the amount of $48.83, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: May 19, 2011.

/s/ John D. Minton, Jr.
   Chief Justice